DPC:km

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 2000-6060-CR-FERGUSON

UNITED STATES OF AMERICA,    )
        Plaintiff,    )
v.    )
    )
JULIO CASTRO GARCIA    )
        Defendant.    )
_____)

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

   A. 1. The government is unaware of any written or recorded statements made by the defendant(s).

      2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

         The statements of the defendant contained in his personal history report are attached.

      3. No defendant testified before the Grand Jury.

      4. The TECS record of the defendant is attached. It indicates that there is no NCIC record.

      5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually




       convenient time at the United States Customs Service RAC Office, U.S. Courthouse, 299 E. Broward Blvd, Fourth Floor, Fort Lauderdale, FL. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for April 13, 2000 at 3:00 PM. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

       The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

       As part of the evidence at trial, the government intends to offer a memorandum of understanding defining the working relationship between the Customs Service and the Florida National Guard at the Port. These documents are official documents not to be disclosed, and therefore copies are not being forwarded to defense counsel. However, a copy of this documents is available for review by contacting the case agent.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

       Various facts have been stated which are here presented to the defendant. A civilian witness at the port stated that one of the inspectors was pushed. There were statements made that someone escaped from the container. This information is documented in the forthcoming grand jury transcript and USCS Report #4. A letter was delivered to Tim Day in Magistrate's Court relating to some identification information.

D. The government will disclose any payments, promises of immunity, leniency, preferential

|     | treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). |
|-----|---|
| E.  | The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. |
| F.  | Identification procedures are documented in the attached reports. |
| G.  | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.  | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I.  | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | No contraband is involved in this indictment. |
| L.  | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.  | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.  | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O.  | The government will make every possible effort in good faith to stipulate to all facts or points of |

          law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.      At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

    In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time:    4:00 PM
        Date:    March 2, 2000
        Place:   M/V Delphinus/Port Everglades

    The attachments to this response are numbered pages 1 - 146. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                               Respectfully submitted,

                                 THOMAS E. SCOTT
                                 UNITED STATES ATTORNEY

                        By: _____
                                 DAVID P. CORA
                               Assistant United States Attorney
                               Florida Bar No.471623
                               500 E. Broward Blvd., Suite 700
                               Ft. Lauderdale, FL 33394
                               Tel: (954) 356-7255x3519
                               Fax: (954) 356-7336

cc: Special Agent Joseph Fariello, USCS Ft. Lauderdale

<b><u>CERTIFICATE OF SERVICE</u></b>

    **I HEREBY CERTIFY** that a true and correct copy of the

foregoing was delivered by United States mail this March 22, 2000, to: Martin J. Bidwell, Assistant Federal Public Defender, 101 N.E. 3rd Ave., Suite 202, Ft. Lauderdale, FL 33301.

DAVID P. CORA
Assistant United States Attorney